SYDNEY PETITE          *      NO. 2023-CA-0262

VERSUS                *      COURT OF APPEAL

JOHN L. HINDS, III         *      FOURTH CIRCUIT

                              *      STATE OF LOUISIANA

                              *

                              *

* * * * * * *

**BELSOME, J., DISSENTS WITH REASONS**

My dissent focuses on the central issue on which I disagree with the majority in this case. My colleagues correctly state the proposition that, "The party seeking relief pursuant to the Act must prove that the allegations of abuse are true by a preponderance of the evidence." *Carrie v. Jones*, 2021-0659, p.9, 334 So.3d at 842. It is my view that the record is woefully short of evidence to meet that burden. The inadequate record combined with disjointed conduct of the trial over the course of eleven months constitutes an abuse of discretion by the trial court. Consequently, I would reverse the preliminary protective order and remand for a new trial.

The primary source of information is a five-year-old child ("L.H."). After a visit with his grandfather, he reported to his mother that, "Pops touches my penis when he bathes me."[1]

According to his mother, L.H told her some additional details that are contained in the Petition for Protection from Abuse filed to commence this proceeding. Specifically, the petition alleges that L.H. said that: "Pops bathes me in the pool. He just rubs [my penis] really hard. He gives me baths (in the pool) at night and also in the shower when we're done. He just does my butt and my

---

[1] Pops is the family name given to L.H's grandfather, Mr. Hinds.

penis, not the rest of my body. He bathes me at night when everyone else is sleeping—it's just me and Pops in the pool."

In a brief interview with a nurse practitioner,[2] L.H. repeated much the same information with fewer details and in the more rambling manner that is consistent with the speech patterns of a typical five-year-old boy. Notably, the interview with the nurse practitioner did not develop any evidence beyond the mother's allegations.

The defendant, Mr. Hinds, testified that the backyard pool is small and is built around a hot tub. He explained that the pool is often the center of activities for the children. He denied that he ever showered L.H. but admitted that he sometimes assisted other adults in showering all the children in an outdoor shower that has only a cold water flow. He also denied that L.H. had been naked during showering since he was three years old, more than two years before this action was commenced.

Dr. Dodd was not able to reach any conclusion that addresses the burden of proof applicable to an allegation of sexual abuse. The person seeking a protective order must prove the allegation of abuse by a preponderance of the evidence or stated differently, that the allegations of sexual abuse occurred more probably than not.[3] Dr. Dodd's "diagnosis" was "concerning for possible child sexual abuse." This diagnosis is not consistent with the legal standard necessary to support the issuance of a protective order. The same is true of Det. Irael Balderas, who was assigned to investigate the criminal complaint filed against Mr. Hinds by L.H.'s mother. His investigation concluded with a referral to Dr. Dodd. He was not able

---

[2] Dr. Judith Dodd is a nurse practitioner who has earned a Ph.D. in Nursing Practice. In deposition, she was offered as an expert in Child Abuse Pediatrics. A determination of Dr. Dodd's qualification as an expert was specifically reserved for trial. Dr. Dodd was never formally tendered as an expert witness during the trial. Because there are no reasons for judgment, it is not possible to know whether and to what extent the trial court relied on Dr. Dodd's testimony.

[3] *Carrie v. Jones*, 2021-0659, p.9, 334 So.3d at 842.

to offer an opinion that L.H. was the victim of sexual abuse by Mr. Hinds or anyone else.[4]

It is fair to say that even if the allegations of the petition for protective order were accepted as true they do not rise to the level necessary to justify the issuance of the order. A grandfather who bathes or assists with bathing a grandchild might touch the child's private areas without the act meeting any definition of sexual abuse whether legal or in common parlance.

Finally, the findings of fact in this case were seriously hampered by the manner in which this trial was conducted. The testimony and hearing were scattered over the course of three days spread out over a year and Dr. Dodd's testimony was taken by deposition in lieu of live testimony.[5] The trial court's "Order of Protection" was not issued until January 4, 2023, which was nearly two months after the final trial date on November 16, 2022. It was issued on a formatted form without reasons for judgment. I believe that it is difficult, if not impossible, for a finder of fact to maintain the multitude of facts necessary to reach an appropriate conclusion to this case over that period of time. No trial should be as temporally separated as this one was.

For the above and foregoing reasons, I would reverse and remand for a new trial.

---

[4] The investigation is technically "active pending further investigation", but no opinion was offered at trial or otherwise.

[5] Trial was conducted on December 6, 2021; April 1, 2022; and November 16, 2022.